FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 0 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ILYAS GURSHUMOV,

Defendant.

09-CR-455

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory," rather than mandatory *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

Ilyas Gurshumov pled guilty in November 2009 to a single-count second superseding indictment. The indictment charged Gurshumov with having conspired to distribute and possessed with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841 and 846. He was originally sentenced by this court in April 2010 to a year and a day of incarceration and three years of supervised release. A $100 special assessment was imposed. A special condition of his supervised release was required participation in a drug treatment program as directed by the Probation Department.

Despite claims that he wants to end his addiction, the defendant has continued to use illegal drugs and has otherwise failed to comply with the conditions of supervised release. He was arrested in March 2012 and was charged with having driven while under the influence of drugs; that prosecution has been adjourned in contemplation of dismissal. *See* N.Y. Crim. Proc. L. § 170.55. He apparently failed to report the arrest to his probation officer, as was required.

On March 20, 2012, Gurshumov pled guilty to two charges of violation of conditions of supervised release. Charge One alleged that between May and October 2011, Gurshumov violated a standard condition of supervised release by reverting to drug use. Charge Two alleged that in late November 2011, Gurshumov violated a special condition of supervised release by failing to participate in the substance abuse program to which he had been assigned. Both of the charges were Grade C violations; the advisory Guidelines range of imprisonment for each of the violations is three to nine months. *See* U.S.S.G. §§ 7B1.1(a)(3) and 7B1.4(a).

Gurshumov was sentenced on March 20, 2012 to six months of incarceration. He was ordered discharged as unimproved from supervised release after the end of imprisonment. Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the

sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the Guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Gurshumov appears unimproved by supervision. Despite multiple opportunities given and treatment options explored, he appears unable or unwilling to cease using drugs. Supervision after the end of incarceration would not serve any further benefit at this time.

Jack B. Weinstein
Senior United States District Judge

Dated: April 9, 2012
Brooklyn, New York